PER CURIAM.
Appended to this order are the Florida Rules of Juvenile Procedure as hereby revised and amended. Deletions are indicated by the use of struck-through type. New language is indicated by underscoring.
Also appended are the Forms for Use with the Rules of Juvenile Procedure. Nothing in the Forms shall be deemed to be a part of these Rules.
These Rules are hereby adopted effective January 1, 1981, and shall govern all proceedings within their scope on and after that date.
It is so ordered.
SUNDBERG, C. J., and ADKINS, BOYD, OVERTON, ENGLAND, ALDERMAN and McDONALD, JJ., concur.
FLORIDA RULES OF JUVENILE PROCEDURE
I. INTRODUCTORY RULES
Rule
8.010. Scope and Purpose.
8.020. [Reserved]
*1078 II.PRELIMINARY PROCEEDINGS
8.030. Ordering Children into Custody.
8.040. Detention Petition and Order.
8.050. Detention Hearing.
(a) When Required.
(b) Time.
(c) Place.
(d) Notice.
(e) Advice of Rights.
(f) Issues.
(g) Probable Cause.
8.060. Transfer of Cases.
8.070. Discovery.
(a) Required Disclosure in Delinquency Cases.
(b) Required Disclosure in Dependency Cases.
(c) Limitations on Disclosure.
(d) Depositions.
(e) Perpetuating Testimony.
(f) Entitlement to Depositions in Delinquency Cases.
(g) Rules Governing Depositions.
(h) Nontestimonial discovery.
(i) Limitations on discovery.
(j) Supplemental Discovery.
(k) Sanctions.
8.080. Notice of Defense of Alibi.
III.PLEADINGS, PROCESS, AND ORDERS
8.090. Style of Pleadings and Orders.
8.100. Commencement of Formal Proceedings.
8.110. Petitions for Delinquency and Dependency.
(a) Contents of Petition.
(b) Verification.
(c) Amendments.
(d) Defects and Variances.
(e) Prompt Filing.
8.120. Process.
(a) Summons.
(b) Service.
(c) Subpoena.
8.130. Responsive Pleadings and Motions.
(a) Pleas.
(b) Pre-Hearing Motions.
(c) Service of Pleadings and Papers.
(d) Time for Service of Motions and Notice of Hearing.
(e) Additional Time After Service by Mail.
(f) Pleading to be Signed by Attorney.
(g) Pleading to be Signed by Unrepresented Party.
8.140. Orders.
IV.EXCEPTIONAL PROCEDURES PRIOR TO ADJUDICATION
8.150. Waiver of Jurisdiction.
(a) On Demand.
(b) Involuntary Waiver; Hearing.
(c) Bail.
8.160. [Reserved]
8.170. Procedure When Child Believed to be Insane.
(a) At Time of Adjudicatory Hearing in Delinquency Cases.
(b) At Time of the Offense.
(c) Appointment of Expert Witnesses: Detention of Child for Examination.
V.TIME OF PROCEEDINGS
8.180. Speedy Trial.
(a) Time.
(b) Dismissal.
(c) Waiver.
(d) Extensions of Time.
(e) Effect of Mistrial; Order of New Trial.
(f) Permanent Commitment.
VI.HEARINGS
8.190. Adjudicatory Hearings.
(a) Appearances; Pleas.
(b) Preparation of Case.
(c) Trial by Judge.
(d) Exclusion of Parties.
(e) Right Against Self-Incrimination, Child.
(f) Right Against Self-Incrimination, Parent or Custodian.
(g) Joint and Separate Trials.
(h) Dismissal.
*1079 Rule
(i) Dispositional Alternatives.
(j) Degrees of Offense.
(k) Specifying Offense Committed.
(l) Lesser Included Offenses.
(m) Motion for Judgment for Dismissal. 8.200. Disposition Hearing.
(a) Information Available to Court.
(b) Disclosure to Child or Parent.
8.210. Post-Disposition Hearing.
(a) Revocation of Community Control Programs.
(b) Change of Placement.
(c) Foster Care Review in Dependency Cases.
8.220. General Provisions for Hearings.
(a) Presence of the Child.
(b) Absence of the Child.
(c) Testimony.
(d) Invoking the Rule.
(e) Continuances.
(f) Record of Testimony.
(g) Notice.
VII.POST DISPOSITION RELIEF
8.230. Motion for Rehearing.
(a) Basis.
(b) Time and Method.
(c) Court Action.
8.240. Relief from Judgments or Orders.
(a) Clerical Mistakes.
(b) Extraordinary Relief.
8.250. Supersedeas on Appeal.
(a) Permanent Commitment.
(b) Other Cases.
(c) Preeminence of Rule.
VIII.SPECIAL PROCEEDINGS
8.260. Permanent Commitment.
(a) Form of Petition.
(b) Notice.
(c) Summons.
(d) Birth Certificate.
(e) Defaults.
(f) Final Judgment.
IX.CONTEMPT
Rule
8.270. Direct Contempt.
8.280. Indirect Contempt.
(a) Order to Show Cause.
(b) Motions; Answer.
(c) Order of Arrest; Bail.
(d) Arraignment; Hearing.
(e) Disqualification of a Judge.
(f) Verdict; Judgment.
(g) The Sentence.
X.GENERAL PROVISIONS
8.290. Right to Counsel.
(a) Duty of the Intake Officer.
(b) Duty of the Public Defender.
(c) Duty of the Court.
(d) Waiver of Counsel.
8.300. Guardian Ad Litem.
8.310. [Reserved]
8.320. Disqualification of Judge.
(a) Movant.
(b) Form of Motion.
(c) Time.
(d) Challenged Judge; Responsibility.
(e) Substituted Judge; Responsibility. 8.330. Computation and Enlargement of Time.
(a) Computation.
(b) Enlargement of Time.
8.340. Parties.
I. INTRODUCTORY RULES
Rule 8.010. Scope and Purpose
These rules shall govern the procedures in the Circuit Court in the exercise of its jurisdiction over-children alleged to be or adjudicated delinquent, dependent; or ungovernable as defined in the Florida Statutes under the Florida Juvenile Justice Act.
They are intended to provide a just, speedy, and efficient determination of the procedures covered by them and shall be construed to secure simplicity in procedure and fairness in administration.
They shall be known as the Florida Rules of Juvenile Procedure, and may be cited as Fla.R.Juv.P.
*1080 When appropriate the use of singular nouns and pronouns shall be construed to include the plural and the use of plural nouns and pronouns shall be construed to include the singular. The use of male pronouns shall be construed in the universal sense of both male and female.
II. PRELIMINARY PROCEEDINGS
Rule 8.030. Ordering Children into Custody
If a verified petition has been filed, or if, prior to the filing of a petition, an affidavit is filed with the court, either of which alleges facts which under existing law are sufficient to authorize that a child be taken into custody, the court may issue an order to a person, authorized to do so, directing that the child be taken into custody. The order shall:
(a) Be in writing;
(b) Specify the name and address of the child or, if unknown, designate him by any name or description by which he can be identified with reasonable certainty;
(c) Specify the age and sex of the child; if his age is unknown, that he is believed to be of an age subject to the jurisdiction of the circuit court as a juvenile case;
(d) State the reasons why the child is being taken into custody;
(e) State Order that the child be brought immediately before the court or be taken to a place of detention designated by the court to be detained pending a detention hearing;
(f) State the date when issued, and the county and court where issued;
(g) Be signed by the judge with the title of his office.
Rule 8.040. Detention Petition and Order
No child taken into custody whether by an order of court or as otherwise provided by law, who-has not been adjudicated dependent, delinquent, or defined-as dependent or delinquent -after an-adjudication of ungovernable as a-rule of the- incident to which he is- taken into custody shall be detained, as a result of the incident for which he is taken into custody, longer than twenty-four hours, excluding Sundays and legal holidays, unless a detention order so directing is made by the judge upon a petition therefor and following a hearing.
(a) The detention petition shall:
(1) Be in writing and be filed with the court;
(2) State the name and address of the child or, if unknown, designate him by any name or description by which he can be identified with reasonable certainty;
(3) State the age and sex of the child; or if his age is unknown, that he is believed to be of an age which will make him subject to the procedures covered by these rules;
(4) State the reasons why the child is in custody and needs to be detained;
(5) Recommend the place where the child is to be detained or the agency to be responsible for the detention;
(6) Be signed by an authorized agent of the Department of Health and Rehabilitative Services, or by the state attorney or assistant state attorney.
(b) The detention order shall:
(1) Be in writing;
(2) State the name and address of the child or, if unknown, designate him by any name or description by which he can be identified with reasonable certainty;
(3) State the age and sex of the child, or if his age is unknown, that he is believed to be of an age which will make him subject to the procedures covered by these rules;
(4) Make a finding Order that the child shall be held in detention or shelter care stating and state the reasons therefor;
(5) Make a finding that probable cause exists that the child is delinquent ungovernable or dependent, or that such a finding cannot be made at this time and that the case is continued for such a determination to a time certain within seventy-two (72) hours from the time the child is taken into custody unless this time is extended by the court for good cause shown for not longer than an additional twenty-four (24) hours.
*1081 (6) Designate the place where the child is to be detained or the person or agency that will be responsible for his detention along with any special conditions found to be necessary;
(7) State the date and time when issued, and the county and court where issued, together with the date and time the child was taken into custody;
(8) Be signed by the judge with the title of his office.
Rule 8.050. Detention Hearing
(a) When required. No detention order provided for in Rule 8.040 shall be entered without a hearing at which all parties shall have an opportunity to be heard on the necessity for the child’s being held in detention or shelter care, unless the parents(s)-or custodians cannot be found and the court finds that the parent or custodian cannot be located, that the child is so young that to have him appear before the court would be of no value, or his that the child’s mental or physical condition is such that a court appearance is not in his best interest.
(b) Time. The detention hearing shall be within twenty-four (24) hours after the child is taken into custody excluding Sundays and legal holidays.
(c) Place. The detention hearing in delinquency cases may be held in the county where the offense incident occurred, er-in the county where the child is taken into custody, if the court in the county where the detention facility is -located- consents thereto or where the child is detained. In the absence of such-consent it shall be held in the county where the detention facility is located; — The-detention -hearing in cases-of ungovernable children and- in dependency eases-may be held in the-eounty^in-which the child is taken into custedy, if- the court in the-eounty in which the detention facility is located consents -thereto; — In the absence of such consent it shall be hold in-the county where the detention facility is located.
(d) Notice. The intake officer shall make a diligent effort to notify the parent(s) or custodian of the child at of the time and place of the hearing. The notice may be by the most expeditious method available. Failure of notice to parents or custodians or their nonattendance at the hearing shall not invalidate the proceeding or the order of detention.
(e) Presence of the-ehild; — The intake officer shall arrange for the child to be present unless -the court finds the child is so young that to have him appear before the court would be of no value, or that the child’s mental or physical-eendition-is sueh that a court appearance is not in-his best TITvCirvDV;
(el Advice of Rights. At the detention hearing the persons present shall be advised of the purpose of the hearing and
(11 In delinquency cases the child shall be advised of:
(il The nature of the charge for which he was taken into custody.
(iil His right to be represented by counsel and if insolvent the right to appointed counsel.
(iiil That he is not required to sav anything and that anything he savs mav be used against him.
(ivl If his parent, custodian, or counsel is not present, that he has a right to communicate with them and that, if necessary, reasonable means will be provided for him to do so.
(v) The reason continued detention is requested.
(21 In dependency cases, the parent or custodian, and the child, if he is of an age to understand, shall be advised of
(il The reason for the child’s being in custody;
(iil The right of the parent or guardian to be represented bv retained counsel and, when applicable, the right of insolvent parents or guardians to appointed counsel.
(iiil The reason continued detention is requested.
(f) Issues. At this hearing the court shall determine the following:
(1) The existence of probable cause to believe the child is has committed a delinquent act, or is dependent or ungoverna *1082 ble. This issue shall be determined in a nonadversary proceeding. The court shall apply the standard of proof necessary for an arrest warrant and its finding may be based upon a sworn complaint, affidavit, deposition under oath, or, if necessary, upon testimony under oath properly recorded.
(2) The need for detention or shelter care according to the criteria provided by law. In making this determination in addition to the sworn testimony of available witnesses all relevant and material evidence helpful in determining the specific issue, including oral and written reports, may be relied upon to the extent of its probative value, even though it would not be competent at an adjudicatory hearing.
(g) Probable cause. If the court finds that such probable cause exists, it shall enter an order making such a finding and may, if other statutory needs of detention exist, retain the child in detention or shelter care. If the court finds that such probable cause does not exist, it shall forthwith release the child from detention or shelter care. If the court finds that one or more of the statutory needs of detention exist, but is unable to make a finding on the existence of probable cause it may retain the child in detention or shelter care and continue the hearing for the purpose of determining the existence of probable cause to a time within seventy-two (72) hours of the time the child was taken into custody. The court may, on a showing of good cause, continue the hearing a second time for not more than twenty-four (24) hours beyond the seventy-two (72) hour period. Release of the child based on no probable cause existing shall not prohibit the filing of a petition and further proceedings thereunder, but shall prohibit the holding of the child in detention or shelter care prior to an adjudicatory hearing.
(h) Advice of rights. — At the detention hearing the -persons present shall be advised of the purpose of the hearing and
(1) In cases of delinquency and in cases in which it is alleged-that a-child previously adjudicated ungovernable is again ungovernable the child shall be advised off
(i) The — nature of —the charge -for which he was taken into custody.
(ii) If-he is yet unrepresented, that he has right to counsel, and, if ho is financially unable to — afford counsel, that counsel forthwith-will be appoint-e4
(iii) That-he is not required- to say anything and that anything he says may be used against him.
(iv) If-his parent, custodian, or counsel is not present; that-Re ha&-a right to communicate with them and that, if necessary, reasonable -means — will -be provided for him to do so.
(v) The reason continued detention is
(2) In eases of dependency, the parents), or custodian, and the child, if he is of an age-to understand, shall be advised off
(-1) The reason for his being in custo-
(ii) The reason continued detention-is requested.
Note: Matters dealt with in former section (e) now appear in Rule 8.220(a). In section (f) the order of the former subsections has been reversed. Former section (h) has been revised and designated as section (e).
Rule 8.060. Transfer of Cases
The court may transfer any case after adjudication, when adjudication is withheld, or when a plan under Rule 8.130(a)(3) has been accepted, to the circuit court for the county of the circuit in which is located the domicile or usual residence of the child or such other circuit court as the judge may determine to be for the best interest of the child. The transferring court shall enter an order transferring its jurisdiction and certifying the case to the proper court, furnishing the clerk and the state attorney of the receiving court within five (5) days a certified copy of the order of transfer and of all previous orders entered by the court in the interest of that child.
*1083 Rule 8.070. Discovery
(a) Required disclosure in delinquency cases.
(1)After the filing of a petition alleging a child to be delinquent or ungovernable after a previous adjudication-of ungo-vernability and prior to the adjudicatory hearing, the petitioner shall disclose to the child or his counsel upon written demand within five (5) days, and permit him to inspect, copy, test, and photograph the following information and material within the petitioner’s possession or control:
(i) The names and addresses of all persons known to the petitioner to have information which may be relevant to the allegations and or to any defense with respect thereto.
(ii) The statement of any person whose name is furnished in compliance with the preceding paragraph. The term “statement” as used herein means a written statement made by said person and signed or otherwise adopted or approved by him, or a stenographic, mechanical, electrical, or other recording, or a transcript thereof, or which is a substantially verbatim recital of an oral statement made by said person to an officer or agent of the state and recorded contemporaneously with the making of such oral statement. The court shall prohibit the petitioner from introducing in evidence the material not disclosed, so as to secure and maintain fairness in the just determination of the cause.
(iii) Any written or recorded statement and substance of any oral statements made by the child and known to the petitioner, together with the name and address of each witness to the statement.
(iv) Any written or recorded statements, and the substance of any oral statements, made by a co-defendant if the hearing is to be a joint one.
(v) Those portions of recorded grand jury minutes that contain testimony of the child.
(vi) Any tangible papers or objects which were obtained from or belonged to the child.
(vii) Whether the petitioner has any material or information which has been provided by a confidential informant.
(viii) Whether there has been any electronic surveillance, including wiretapping, of the premises of the child, or of conversations to which the child was a party; and any documents relating thereto.
(ix) Whether there has been any search or seizure and any document relating thereto.
(x) Reports or statements of experts made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments or comparisons.
(xi) Any tangible papers or objects which the petitioner intends to use in the hearing and which were not obtained from or belonged to the child.
(2) As soon as practicable after the filing of the petition the petitioner shall disclose to the child any material information within the state’s possession or control which tends to negate the guilt of the child as to the petition’s allegations.
(3) The petitioner shall perform the foregoing obligations in any manner mutually agreeable to him and the child or as ordered by the court.
(4) Upon showing of materiality to the preparation of the defense, the court may require such other discovery to the child as justice may require.
(5) Within five (5) days after receipt by the child of the list of names and addresses furnished by the petitioner pursuant to this rule the child shall furnish to the petitioner a written list of all persons whom the child expects to call as witnesses at the hearing. When the petitioner subpoenas a witness whose name has been furnished by the child, except for hearing subpoenas, reasonable notice shall be given to the child as to the time and place of examination pursuant to the subpoena. At such examination, the *1084 child shall have the right to be present and to examine the witness.
(6) If the child demands discovery under section (a)(1), paragraphs (ii), (x), or (xi) of this rule, the child shall disclose to the petitioner and permit him to inspect, copy, test, and photograph the following information and material which corresponds to that which the child sought and which is in the child’s possession or control:
(i) The statement of any person whom the child expects to call as a trial witness other than that of the child.
(ii) Reports or statements of experts made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments, or comparisons.
(iii) Any tangible papers or objects which the child intends to use in the hearing.
The child shall make the foregoing disclosures within five (5) days after receipt by him of the corresponding disclosure from the prosecutor. Defense counsel shall perform the foregoing obligations in any manner mutually agreeable to him and the prosecutor or as ordered by the court.
The filing of a motion for protective order by the petitioner will automatically stay the times provided for in this section. If a protective order is granted, the child may, within two days thereafter, or at any time before the petitioner furnishes the information or material which is the subject of the motion for protective order, withdraw his demand and not be required to furnish reciprocal discovery.
(b) Required disclosure in dependency cases.
(1) At any time after the filing of a petition alleging a child to be a dependent child, on written demand of any party, the party to whom the demand is directed shall disclose to him and permit him to inspect, copy, test or photograph matters material to the cause.
(2) The following information shall be disclosed by any party upon demand:
(i) The names and addresses of all persons known to have information relevant to the proof or defense of the petition’s allegations.
(ii) The statement as defined in this rule of any person furnished in compliance with the preceding paragraph.
(iii) Any written or recorded statement and the substance of any oral statement made by the demanding party or a person alleged to be involved in the same transaction.
(iv) Tangible papers or objects belonging to the demanding party which are to be used at the adjudicatory hearing.
(v) Reports or statements of experts, including results of physical or mental examinations and of scientific tests, experiments, or comparisons.
(3) The petitioner shall not be entitled to initiate discovery under section (b) of this rule, and the court may, for good cause shown, deny or partially restrict the disclosures provided for by section (b) of this rule.
(4) The disclosures required by this section (b) of this rule shall be made within five (5) days from the receipt of the demand therefor.
(c) Limitations on Disclosure.
(1) Upon application, the court may deny or partially restrict disclosure authorized by this rule if it finds there is a substantial risk to any person of physical harm, intimidation, bribery, economic reprisals, or unnecessary annoyance or embarrassment resulting from such disclosure, which outweighs any usefulness of the disclosure to the party requesting it.
(2) The following matters shall not be subject to disclosure:
(i) Work Products. Disclosure shall not be required of legal research or of records, correspondence, or memoran-da, to the extent that they contain the opinion, theories, or conclusions of the prosecuting or defense attorney or members of his legal staff.
*1085 (ii)Informants. Disclosure of a confidential informant shall not be required unless the confidential informant is to be produced at a hearing or a failure to disclose his identity will infringe the constitutional rights of the child.
(d)Depositions.
(1) Time and Place.
(i) At any time after the filing of the petition alleging a child to be ungovernable subsequent-fco a-previous adjudication of ungovernability or to be delinquent the child may take the deposition upon oral examination of any person who may have information relevant to the offense charged. In dependency cases any party may take such deposition.
(ii) The deposition shall be taken in a building where the adjudicatory hearing may be held, in such other place as agreed upon by the parties, or where the trial court may designate by special or general order. A resident of the state may be required to attend an examination only in the county wherein he resides, or is employed, or regularly transacts his business in person.
(2) Procedure.
(i) The party taking the deposition shall give written notice to each other party. The notice shall state the time and place the deposition is to be taken and the name of each person to be examined.
(ii) Upon application the court or its clerk shall issue subpoenas for the persons whose depositions are to be taken.
(iii) After notice to the parties the court, for good cause shown, may extend or shorten the time and may change the place of taking.
(iv) Except as otherwise provided by this rule, the procedure for taking the deposition, including the scope of the examination, shall be the same as that provided by the Florida Rules of Civil Procedure.
(3) Any deposition taken pursuant hereto may be used at any hearing covered by these rules by any party for the following purposes:
(i) For the purpose of impeaching the testimony of the deponent as a witness;
(ii) In dependency proceedings, for testimonial evidence when the deponent, whether or not a party, is unavailable to testify because:
(a) He is dead.
(b) He is at a greater distance than one hundred (100) miles from the place of hearing, or is out of the state unless it appears that the absence of the witness was procured by the party offering the deposition.
(c) The party offering the deposition has been unable to procure the attendance of the witness by subpoena.
(d) He is unable to attend or testify because of age, illness, infirmity, or imprisonment.
(e) It has been shown on application and notice that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.
(f) The witness is an expert or skilled witness.
(4) If only part of a deposition is offered in evidence by a party, an adverse party may require him to introduce any other part that in fairness ought to be considered with the part introduced, and any party may introduce any other parts.
(5) A person who refuses to obey a subpoena served upon him for the taking of a deposition may be adjudged in contempt of the court from which the subpoena issued.
(e)Perpetuating Testimony.
(1) After the filing of the petition and upon reasonable notice, any party may apply for an order to perpetuate testimony of a witness. The application shall be verified or supported by the affidavits of credible persons, and shall state that the *1086 prospective witness resides beyond the territorial jurisdiction of the court, or may be unable to attend or be prevented from attending the subsequent court proceedings, or grounds exist to believe that he will absent himself from the jurisdiction of the court, and that his testimony is material, and that it is necessary to take his deposition to prevent a failure of justice.
(2) If the application is well founded and timely made, the court shall order a commission to be issued to take the deposition of the witness to be used in subsequent court proceedings, and that any designated books, papers, documents or tangible objects, not privileged, be produced at the same time and place. The commission may be issued to any official court reporter, whether the witness be within or without the state, transcribed by him and filed in the court. The commission shall state the time and place of the deposition and be served on all parties.
(3) No deposition shall be used or read in evidence when the attendance of the witness can be procured. If it shall appear to the court that any person whose deposition has been taken has absented himself by procurement, inducements, or threats by or on behalf of any party, the deposition shall not be read in evidence on behalf of that party.
(f)Entitlement to Depositions in Delinquency Cases. In delinquency cases, seeking an adjudication of delinquency or for a seeond-or subsequent adjudication for ungo vernability the child shall be entitled to have any statement of the deponent in the possession of the petitioner if he would be so entitled at an adjudicatory hearing. If the movant be the petitioner and the child be in detention, or if the place of deposition be outside the county where the petition is filed, the agency having the child in detention or responsible for the filing of the petition shall be notified of the time and place and shall produce the child at the examination and keep him in the presence of the witness during the examination.
(g) Rules governing depositions. Except as otherwise provided, the rules governing the taking and filing of oral depositions and the objections thereto; the issuing, execution, and return of the commissions; and the opening of the depositions, under the Florida Rules of Civil Procedure, shall apply in cases covered by these rules.
(h) Nontestimonial Discovery. After the filing of the petition, upon application, and subject to constitutional limitations, the court may with directions as to time, place, and method, and upon conditions which are just, require:
(1) The child in all proceedings and the parenRs) or legal custodian(s) in dependency cases to:
(i) Appear in a line-up.
(ii) Speak for identification by witness to an offense.
(iii) Be fingerprinted.
(iv) Pose for photographs not involving reenactment of a scene.
(v) Try on articles of clothing.
(vi) Permit the taking of specimens of material under his fingernails.
(vii) Permit the taking of samples of his blood, hair and other materials of his body which involve no unreasonable intrusion thereof.
(viii) Provide specimens of his handwriting.
(ix) Submit to a reasonable physical or medical inspection of his body.
(2) Such other discovery as justice may require upon a showing that such would be relevant or material.
(i) Limitations on Discovery. Upon a showing of good cause, the court may, by order, alter the time for compliance with any discovery rule, or restrict or defer any disclosure and may permit any such showing in camera, provided that all material and information to which a party is entitled be disclosed to him in time to make beneficial use thereof.
(j) Supplemental Discovery. If, subsequent to compliance with these rules, a party discovers additional witnesses, evidence, or material which he would have *1087 been under a duty to disclose or produce at the time of such previous compliance, he shall promptly disclose or produce such witnesses, evidence, or material in the same manner as required under these rules for initial discovery.
(k) Sanctions.
(1) If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or with an order issued pursuant to an applicable discovery rule, the court may:
(i) Order such party to comply with the discovery or inspection of materials not previously disclosed or produced;
(ii) Grant a continuance;
(iii) Grant a mistrial;
(iv) Prohibit the party from calling a witness not disclosed or introducing in evidence the material not disclosed;
(v) Enter such order as it deems just under the circumstances.
(2) Willful violation by counsel of an applicable discovery rule or an order issued pursuant thereto may subject counsel to appropriate sanction by the court.
Rule 8.080. Notice of Defense of Alibi
(a) After a petition has been served the state attorney may demand in writing that the child, if he intends to offer an alibi in his defense, shall provide the state attorney with the details of the alibi as to the time and place where the child claims to have been at the time of the alleged offense and the names and addresses of such witnesses as may appear to testify thereon. The child shall comply as above not less than ten (10) days before the trial date.
(b) The state attorney shall, within five (5) days of the receipt thereof, provide the child with a list of such witnesses as he chooses to call, to rebut the alibi testimony.
(c) Should the child fail or refuse to comply with the provisions hereof, the court may in its discretion exclude testimony of alibi witnesses other than that of the child himself, or, should the state attorney fail to comply herewith, the court may in its discretion exclude rebuttal testimony offered by the state.
(d)For good cause shown, the court may waive the requirements of this rule.
III. PLEADINGS, PROCESS, AND ORDERS
Rule 8.090. Style of Pleadings and Orders
All pleadings and orders shall be styled: “In the interest of-, a child,” or: “In the interest of -, children.”
Rule 8.100. Commencement of Formal Proceedings
All proceedings seeking an adjudication that a child is delinquent, dependent, or ungovernable shall be initiated by the filing of a petition by a person authorized by law to do so. A uniform traffic complaint mav be considered a petition, but shall not be subject to the requirements of Rule 8.110.
Rule 8.110. Petitions For Delinquency and Dependency
(a) Contents of Petition.
(1) The Each petition shall be entitled either a petition for delinquency or a
petition for dependency and shall allege facts showing the court to have jurisdiction of the cause as a juvenile-caso and facts -causing the child to be either- dependent delinquent, or ungovernable or to have committed a delinquent act.
(2) The petition shall contain allegations as to the identity and resident of the parents or custodians, if known.
(3) In petitions alleging delinquency, each count shall recite the official or customary citations of the statute, ordinance, rule, regulation, or other provision of the law which the child is alleged to have violated, including the degree of each offense. Error in or omission of the citation shall not be grounds for dismissing the petition or for a reversal of the adjudication based-thereon^ if the error or omission did not-mislead the child to his prejudice. — In -petitions alleging ungo-vernability if the child has been adjudicated ungovernable previously, this fact shall.be alleged and the petition shall *1088 notify the parties that-should the-court, on -this petition,-adjudicate the-child-to be ungovernable it may define and treat the child as a delinquent child.
(4) Two or more charges allegations of dependency, delinquency or the commission of delinquent acts ungovernability may appear in the same petition, in a separate counts for each charge. However, if the petition contains two or more counts, the court-may-grant-a severance thereof upon timely-motion- for-- good cause shown.
(5) Two or more children may be the subject of the same petition if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses, or if they are alleged to be dependent because of the neglect of, or mistreatment by, the same persons. The children may be named in one or more counts together or separately and all of them need not be named in each count. However,-the court-shall order a severance and separate hearings for a child or children-who are jointly alleged to be dependent-or to have committed an offense or offenses upon a showing that such order is necessary to protect their right to a speedy trial, or to-promote a fair determination of the cause.
(b) Verification. The petition shall be signed by the state attorney, or assistant state attorney, or other petitioner, under oath stating under oath his good faith in filing the petition. No objection to a petition on the grounds that it was not signed or verified, as herein provided, shall be entertained after a plea to the merits.
(c) Amendments. At any time prior to the adjudicatory hearing an amended petition may be filed or the petition may be amended on motion. Amendments shall be freely permitted in the interest of justice and the welfare of the child. A continuance may be granted upon motion and a showing that the amendment prejudices or materially affects any party.
(d) Defects and Variances. No petition or any count thereof shall be dismissed, or any judgment vacated, on account of any defect in the form of the petition or of misjoinder of offenses or for any cause whatsoever, unless-the If the court shall be is of the opinion that the petition is so vague, indistinct, and indefinite as to mislead the child, his parentis), or custodíanos) and prejudice him (them) anv of them in the preparation of his (their) a defense, the petitioner may be required to furnish a statement of particulars in delinquency cases or a more definite statement in dependency cases.
(e)Prompt Filing. On motion by or in behalf of a child a petition alleging delinquency as-ungovernability subsequent to a prior adjudication of ungovernability shall be dismissed with prejudice if it was not filed within forty-five (45) days from the date the complaint was referred to the intake office. However, the court may grant an extension of time not to exceed an additional fifteen (15) days upon sueh motion therefor by the state attorney when, in the opinion of the court, such additional time is justified because of exceptional circumstances.
Rule 8.120. Process
(a) Issuance of Summons. Upon the filing of a petition, the clerk shall issue a summons, (b) Contents-of the Summons. The summons shall require the person on whom it is served to appear for a hearing at a time and place specified. Except in cases of medical emergency, the time of hearing shall not be less than twenty-four (24) hours after service of the summons. If the child is not detained by an order of the court, the summons shall require the custodian to produce the child at the said time and place. A copy of the petition shall be attached to the summons.
(e) (b) Service. The summons and other process shall be served upon such persons and in such manner as required by law. If the parents or custodian are out of the state and their address is known the clerk shall give them notice of the proceedings by mail. Service of process may be waived.
*1089 (4) £c) Subpoena. Upon the application of a party, the petitioner, or the state attorney, the clerk shall issue, and the court on its own motion may issue, subpoenas requiring attendance and testimony of witnesses and production of records, documents, or other tangible objects at any hearing. This section shall not in any way limit the state attorney’s power to issue subpoenas.
(e) Nothing herein shall be- construed-to prevent a-party from waiving the service-ef process:
Rule 8.130. Responsive Pleadings and Motions
(a) Pleas. No written answer to that petition nor any other pleading need be filed.
(1) In delinquency or ungovernability proceedings cases the child may at any hearing- after the-filing of-the petition admit or deny the-state of delinquency or ungovernability by pleading guilty, nolo contendere, or not guilty. The court may refuse to accept a plea of guilty or nolo contendere, and shall not accept either plea without first determining that the plea is made voluntarily and with a full understanding of the nature of the allegations and the possible consequences of such plea and that there is a factual basis for such plea.
(2) In dependency proceedings, the parent, custodian, or any other party charged with the abuse or neglect except the petitioner may at any hearing after the filing of the petition admit or deny or enter a plea of nolo contendere to the allegations of the petition or consent to the court adjudicating the child dependent. The court may refuse to accept a plea of admission or nolo contendere and shall not-accept either plea without first determining that the plea is made shall determine that the admission or consent is made voluntarily and with a full understanding of the nature of the allegations and the possible consequences of such plea and that there is factual basis for such plea admission or consent.
(3) Prior After the filing of a petition and prior to the beginning of the adjudicatory hearing, the child or his counsel, the parents) or custodian(s) or their counsel, or an authorized agent of the Department of Health and Rehabilitative Services, on behalf of the child may submit, in lieu of a plea, a plan of proposed treatment, training, or conduct. The appropriate agencies of the Department of Health and Rehabilitative Services shall be the supervising agencies for said plan and the terms and conditions of all such plans shall be formulated in conjunction with the supervising agency involved. The submission of a plan is not an admission of the allegations of the petition of delinquency ungovernability or dependency.
If such a plan is submitted the procedure shall be as follows:
(i) The plan must be in writing, agreed to and signed in all cases by the parents or custodians and, their counsel when represented, their counsel. In delinquency and ungovernability cases, the plan must also be agreed to and signed by the child and his counsel, when represented, bv his counsel. An authorized agent of the supervising agency involved shall indicate whether the agency recommends the acceptance of the plan.
(ii) The plan shall contain a stipulation that the speedy trial rule is waived and in delinquency cases shall include the state attorney’s consent to defer the prosecution of the petition.
(iii) After hearing, which may be waived by stipulation of the parties and the supervising agency, the court may accept the plan and order compliance therewith, or may reject it.
(iv) Violations of the conditions of the plan shall be presented to the court by motion by the supervising agency or by any party. If the court, after hearing, finds a violation has occurred, it may take such action as is appropriate to enforce the plan, modify the plan by supplemental agreement, or it may set the case for hearing on the original petition.
*1090 (v) The plan shall be effective for an indeterminate period, or for such period as is stated therein, or until the petition is dismissed.
(vi) Unless otherwise dismissed, the petition may be dismissed on the motion of the person submitting the plan or the supervising agency, after notice of hearing and a finding of substantial compliance with the provisions and intent of the plan.
(4) In delinquency or- ungovernability cases a written answer admitting or denying the allegations of the petition may be filed by the child joined by a parent, custodian or the child’s counsel. If the answer admits the allegations of the petition it must acknowledge that the child has been advised of his right to counsel, of his right to remain silent, and of the possible dispositions available to the court and shall include a consent to a pre-dispo-sitional study. Upon the filing of such an answer a hearing for adjudication or adjudication and disposition shall be set at the earliest practicable time.
(5) In dependency cases a written answer admitting or denying the allegations of the petition may be filed by a parent or custodian or by his counsel. If the answer admits the allegations of the petition it shall include constitute consent to a pre-dispositional study. Upon the filing of such an answer, a hearing for adjudication or adjudication and disposition shall be set at the earliest practicable time.
(6) If, in a delinquency or ungoverna-bility proceeding case, a child stands mute or pleads evasively, a plea of not guilty shall be entered by the court. If, in a dependency proceeding, the parent or custodian stands mute or pleads evasively, a plea denying the dependency shall be entered by the court.
(7) The court may at any time prior to the beginning of a disposition hearing permit a plea of guilty or an admission of the allegations of the petition to be withdrawn, and if an adjudication has been entered thereon, set aside such adjudication and allow another plea to be substituted for the plea of guilty or the admission of the allegations of the petition. In the subsequent adjudicatory hearing the court shall not consider the plea which was withdrawn as an admission.
(b) Pre-Hearing Motions.
(1) Motions in General. Every motion made before a hearing and any pleading in response to the motion shall be in writing and shall be signed by the party making the motion or by his attorney. This requirement may be waived by the court for good cause shown.
(2) Motion to Dismiss. All defenses not raised by a plea of not guilty or denial of the allegations of the petition shall be made by a motion to dismiss the petition.
(i)If a motion to dismiss is granted the child who is detained under an order entered under Rule 8.040 may be continued in detention under the said order upon the representation that a new or amended petition will be filed.
(3) Motion to Suppress in Delinquency and Ungovernability Proceedings Cases. Any confession or admission obtained illegally or any evidence obtained by an unlawful search and seizure may be suppressed on motion by the child.
(i) Contents. Every motion to suppress shall clearly state the particular evidence sought to be suppressed, the reason for the suppression and a general statement of the facts on which the motion is based.
(ii) Time for Filing. The motion to suppress shall be made prior to the adjudicatory hearing unless an opportunity therefore did not exist or the party making the motion was not aware of the grounds for the motion. The court may entertain the motion or an appropriate objection at the adjudicatory hearing.
(iii) Hearing. Before hearing evidence, the court shall determine if the motion is legally sufficient. If it is not, the motion shall be denied. If the court hears the motion on its merits, *1091 the moving party shall present evidence in support thereof and the state may offer rebuttal evidence.
(4)Motion to Sever. A motion may be made for the severance of two or more counts in a multi-count petition, or for the severance of the cases of two or more children to be adjudicated in the same hearing. The court may grant motions for severance of counts and severance of iointlv-brought cases for good cause shown.
(c)Service of Pleadings and Papers.
(1) Service, When Required. Unless the court orders otherwise, every pleading subsequent to the initial petition, every order, every written motion, unless it is one as to which hearing ex parte is authorized, and every written notice filed in the case shall be served on each party; however, nothing herein shall be construed to require that a plea be in writing or that an application for witness subpoena be served.
(2) Service, How Made. When service is required or permitted to be made upon a party represented by an attorney, service shall be made upon the attorney unless service upon the party is ordered by the court. Service upon the attorney or party shall be made by delivering a copy to him or by mailing it to him at his last known address or, if no address is known, by leaving it with the clerk of the court. Service by mail shall be complete upon mailing. Delivery of a copy within this rule shall mean:
(i) Handing it to the attorney or the party;
(ii) Leaving it at the attorney’s office with the person in charge thereof;
(iii) If there is no one in charge of the office leaving it in a conspicuous place therein;
(iv) If the office is closed or the person to serve has no office, leaving it at his usual place of abode with some person of his family above fifteen years of age and informing such person of the contents thereof.
(3) Filing. All original papers, copies of which are required to be served upon parties, must be filed with the court either before service or immediately thereafter.
(4) Filing with Court Defined. The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court except that the judge may permit the papers to be filed with him in which event he shall note thereon the filing date and transmit them to the office of the clerk.
(5) Certificate of Service. When any authorized person shall in substance certify:
“I do certify that copy (copies) hereof have been furnished to (here insert name or names) by (delivery) (mail) this - day of_, 19_”
Title
The certificate shall be taken as prima facie proof of such service in compliance with all rules of court and law.
(6)Service of pleadings and orders required to be served as provided by subdivision (2) may be certified by an attorney of record, clerk or deputy clerk, judge, or authorized agent of the Department of Health and Rehabilitative Services in the form provided in subdivision (5).
(d) Time for Service of Motions and Notice of Hearing. A copy of any written motion which may not be heard ex parte and a copy of the notice of the hearing thereof shall be served a reasonable time before the time specified for the hearing.
(e) Additional Time After Service by Mail. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of notice or other paper upon him and the notice or paper is served upon him by mail, three (3) days shall be added to the prescribed period.
(f) Pleading to be Signed by Attorney. Every written paper or pleading of a party represented by an attorney shall be signed *1092 in his individual name by such attorney, whose address and telephone number, including area code, shall be stated, and who shall be duly licensed to practice law in Florida. He may be required by an order of court to vouch for his authority to represent such party and to give the address of such party. Except when otherwise specifically provided by these rules or applicable statute, pleadings as such need not be verified or accompanied by affidavit. The signature of an attorney shall constitute a certificate by him that he has read the paper or pleading; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading or paper is not signed, or is signed with intent to defeat the purpose of this rule, it may be stricken and the action may proceed as though the pleading or paper had not been served.
(g) Pleading to be Signed by Unrepresented Defendant Party. A party who has no attorney but represents himself shall sign his written pleading or other paper and state his address and telephone number, including area code.
Rule 8.140. Orders
All orders of the court shall be reduced to writing as soon after they are entered as is consistent with orderly procedure and good practice. — After -an adjudicatory hearing, unless the petition is dismissed, the court will incorporate in the order-a- brief statement-of the facts which-it finds to be true and will thereafter adjudicate-the -ehild or in its discretion, withhold adjudication, as provided by-law. In cases of ungovernability, after the adjudication, the court will define-the child as-delinquent or dependent and shall contain findings of fact as required by law.
IV. EXCEPTIONAL PROCEDURES PRIOR TO ADJUDICATION
Rule 8.150. Waiver of Jurisdiction
(a) On Demand. If — a On demand is made,-as provided-by law, that the court waive its for waiver of jurisdiction and eertify-the case for-trial-as-if the child wore an adult, the court shall enter a written order setting forth the demand, waiving jurisdiction, and certifying the case for trial as if the child were an adult. The demand shall be made, as required by law, in writing or orally, in open court, -but must be made prior to the commencement of an adjudicatory hearing. A certified copy of the order shall be furnished the clerk of the court having jurisdiction to try the child as an adult and to the prosecuting officer of the said court within five (5) days of the demand being made. The court may order that the child be delivered to the sheriff of the county in which the court that is to try him is located.
(b) Involuntary Waiver; Hearing.
(1) Where provided by law, the state attorney may, within the time provided by law, or later with the approval of the court, and before an adjudicatory hearing and after considering the recommendation of the intake officer, file a motion requesting the court to waive its jurisdiction and certify the case to the appropriate court for trial as if the child were an adult.
(21 Following the filing of the motion of the state attorney, summons shall be issued and served in conformity with the provision of Rule 8.120. A copy of the motion and a copy of the delinquency petition, if not already served, shall be attached to each summons.
(31 After the filing of the report required by law, the court shall conduct a hearing on all such motions to determine the existence of the criteria established by law for waiver of jurisdiction.
(41 After hearing as provided in Rule 8460 this rule, the court may enter an order waiving jurisdiction and certifying the case for trial as if the child were an adult as provided by law. The order shall set forth the basis for waiver of jurisdiction and certification to the appropriate court. A certified copy of the order shall be furnished to the clerk of the court having jurisdiction to try the child as an adult and to the prosecuting officer of *1093 the said court within five (5) days of the date of the order. The child shall be delivered immediately to the sheriff of the county in which the court that is to try him as an adult is located.
(5) If waiver is denied, the same judge. with the consent of the child and the state, may proceed immediately with the adjudicatory hearing.
(c) Bail. If the child is delivered to the sheriff under (a) and or (b) above the court shall fix bail in all cases unless it is a capital offense or an offense punishable by imprisonment for life and the proof of guilt is evident or the presumption is great. A certified copy of the order shall be furnished to the sheriff.
Rule 8.160. Waiver-Hearing
[Reserved]
(a) The state attorney may7 within five (5)-day&-of the date a delinquency petition has been-filod, or later with the approval of the court, and before a-hearing on -the petition on4ts merits, and-following consultation with the-intake office, file a motion requesting the court to waive its jurisdiction and-certify-the case to-the appropriate court for trial as if the child were -an-adult as provided by-lawT
(¥) Following the filing of the motion-ef the state attorney- summons shall be issued and served in-eenformity with-the-prevision of Rule-8.120. A copy of the-motion-and-a copy of-the delinquency petition, if not already served, shall be-attached to each sum-
(c) The court- shall conduct a hearing on ail such-motions to determine the existence of the-criteria required-by law for waiver of jurisdiction!
(d) If waiver is denied, the same judge; with the consent of the child and the state, may proceed immediately with the adjudicatory hearing-using and considering the evidence presented at the waiver hearing-te establish prohable cause which is also competent for-adjudicatory purposes and shall then consider-such.other evidence-as -is presented by — the-state and the child. — If objected to-by- the child or-the state the same-fudge shall not-participate in any proceeding-subsequent to the waiver -hearing relating to that offense.
Note: Various provisions of former Rule 8.160 have been incorporated in revised Rule 8.150.
Rule 8.170. Procedure When Child Believed to be Insane
(a) At Time of Adjudicatory Hearing in Delinquency Cases.
(1) If at any time prior to or during the adjudicatory hearing in -delinquency or ungovernability hearings, the court has reasonable grounds to believe the child named in the petition may be incompetent to proceed with an adjudicatory hearing, the court shall immediately stay the proceedings and fix a time for a hearing for the determination of the child’s mental condition.
(2) If at the hearing provided for in (1) above the child is found to be competent to proceed with an adjudicatory hearing, the court shall proceed therewith.
(3) If at the hearing provided for in (1) above the child is found to be incompetent to proceed with the adjudicatory hearing, proceedings shall be commenced for the involuntary hospitalization of the child as provided by law.
(4) If the child is not hospitalized, or upon his release from the hospital, any interested party or the court on its own motion may call the matter up for the purpose of setting an adjudicatory hearing.
(5) If after any civil proceeding for involuntary hospitalization, the court determines, after hearing, that there is no reasonable probability that the child will become competent for the purpose of an adjudicatory hearing in the forseeable future and that no progress is being made toward that goal, it shall enter an order dismissing the petition.
(b) At Time of the Offense.
(1) If the child named in the petition intends to plead insanity as a defense, he shall so advise the court in writing not *1094 less than ten (10) days in advance of the adjudicatory hearing and shall provide the court with a statement of particulars showing as nearly as he can the nature of the insanity he expects to prove and the names and addresses of witnesses by whom he expects to prove such insanity. Upon the filing of said statement, upon motion of the state, or on its own motion, the court may cause the child to be examined in accordance with the procedures set forth in this rule.
(2) The court, upon good cause shown and in its discretion, may waive the requirements herein set forth and permit the introduction of such defense, or may continue the hearing for the purpose of an examination in accordance with the procedures set forth in the rule. A continuance granted for this purpose will toll the speedy trial rule and the limitation on detention pending adjudication.
(c)Appointment of Expert Witnesses; Detention of Child for Examination.
(1) Where a question has been raised concerning the sanity or competency of the child named in the petition and the court has set the matter for an adjudicatory hearing or a hearing to determine the mental condition of the child, the court may appoint not exceeding three (3) disinterested qualified experts to examine the child and testify at the hearing. Other competent evidence may be introduced at the hearing. The appointment of experts by the court shall not preclude the state nor the child from calling other expert witnesses to testify at the adjudicatory hearing or at the hearing to determine the mental condition of the child.
(2) The court, in its discretion, may order the child held in detention pending such examination and hearing.
V. TIME OF PROCEEDINGS
Rule 8.180. Speedy Trial
(a)Time. Every case in which a petition has been filed alleging a child to be delinquent ungovernable or dependent shall be brought to an adjudicatory hearing without demand within ninety (90) days of the earliest of the following dates:
(1) The date the complaint is filed with the intake officer-as provided by statute.
(2) The date the child was taken into custody.
(3) (2) The date the petition was filed.
(b) Dismissal. If the adjudicatory hearing is not begun within ninety (90) days or an extension thereof as hereinafter provided the petition shall be dismissed with prejudice.
(c) Waiver. In a delinquency proceeding the child may voluntarily waive his right to a speedy trial.
fd) Extensions of Time. The court may extend the period of time established by this order on motion of any party, after hearing, on a finding that the interest of justice will be served by such extension. The order will recite the reasons for such extension. The general congestion of the court’s docket, lack of diligent preparation, or failure to obtain available witnesses, or other avoidable or foreseeable delays shall not constitute grounds for such extension.
(d) (e) Effect of Mistrial; Order of New Trial. A person who is to be tried again shall be brought to trial within ninety (90) days from the date of declaration of a mistrial by the trial court, the date of an order by the trial court, granting a new trial, the date of an order by the trial court granting a motion to vacate a judgment, or the date of receipt by the trial court of a mandate, order, or notice of whatever form from an appellate or other reviewing court which makes possible a new trial, whichever is last in time.
(e) (f) Permanent Commitment. This rule shall not apply to proceedings for permanent commitment of the child to a licensed child placing agency or to the Department of Health and Rehabilitative Services for subsequent adoption.
VI. HEARINGS
Rule 8.190. Adjudicatory Hearings
(a) Notice of the hearing shall be by-summons as provided in Rulo 8.120. — Notice may be waived. Appearances: Pleas.
*1095 (b) In delinquency or — ungovernability cases, the child, and in dependency cases, the child, the parents(s), or custodian, shall appear before the court at the time set and, unless a written answer has been filed, enter a plea, admit or deny the allegations of dependency or consent to the adjudication of dependency. If a party pleads guilty, admits the allegations-of -the petition or pleads nolo- contendere, either verbally or by written answer, the court-shall question him to determine that the plea is entered voluntarily with full knowledge of-its-significance and that there is a- factual-basis for the plea. When the court is satisfied-in this regard- it shall adjudicate the child to be — delinquent,—ungovernable—(thereafter defining him as dependent or delinquent), or dependent as-is appropriate, or-it may withhold such adjudication as provided by
(e)(b) Preparation of Case. If, in delinquency or — ungovernability cases, the child or, in dependency eases, the parent(s) or custodian(s), pleads not guilty or denies the allegations of the petition the court may proceed at once to an adjudicatory hearing, or may continue the case to allow sufficient time on the court calendar for a hearing or to give the state or any party a reasonable time for the preparation of the ease.
(d) (cl Trial by Judge. The adjudicatory hearing shall be conducted by the judge without a jury. At this hearing the court determines whether the allegations of the petition have been sustained.
(e) (dl Exclusion of Parties. No party shall be excluded from the hearing unless so ordered by the court for disruptive behavior, and any party shall have the right to examine the witnesses.
(f) (el Right Against Self-incrimination. Child. In all delinquency and ungovernabil- % cases the child may at his option be sworn as witness in his own behalf, and shall in such case be subject to examination as other witnesses, but no child shall be compelled to give testimony against himself, nor shall any prosecuting attorney be permitted to comment on the failure of the child to testify in his own behalf. A child offering no testimony in his own behalf except his own shall be entitled to the concluding argument.
(g)(f) Right Against Self-incrimination. Parent or Custodian. In all dependency cases the parents or custodians who are alleged to have neglected or abused the child shall, if they so elect, be sworn and may testify in their own behalf. In such case they shall be warned that anything they say may be used against them at a subsequent criminal trial. They may be cross-examined as other witnesses.
(b) (gl Joint and Separate Trials. In delinquency and ungovernability cases where two or more children are alleged to have committed an offense a delinquent act or violation of law, they shall be tried jointly unless the court in its discretion orders separate trials. In ordering-separate trials the court-may order that one-or more children be each- separately tried or may- order- that several-children be-jointly tried in another trial or- trials, or may order that each -be tried-separateiyr
(i) (h) Dismissal. If the judge court shall find that the child named allegations in the petition is not an ungovernable -child-,-a delinquent, or dependent -child have not been sustained, he shall enter an order so finding and dismissing the case.
(j) (i> Dispositional Alternatives. If the judge shall court finds that the evidence supports a finding-thatdho child is an ungo-pendent child he shall adjudicate the- child the allegations of the petition, it mav enter an order of adjudication or withhold adjudication as provided bylaw. In -the case of the ungovernable child, if-he makes such an adjudication, he must also-define the-child as dependent or delinquent, whichever-is appropriate. If the pre-disposition report required by law is available, the judge court may proceed immediately to make-his disposition or he-may continue it the case for a disposition hearing. If the report is not available, he the court will continue the case for a disposition hearing and refer it to the appropriate agency of the Department of Health and Rehabilitative-Services or *1096 agencies for a study and recommendation. If the case is continued for a disposition hearing the court will-state in its may order whether the child is to bo detained pending the hearing and, if so, designate the place the child is to be detained of detention or the agency that will be responsible for his detention.
(It) (i) Degree of Offense. If in a delinquency petition there is alleged an offense which is divided into degrees, the court may find the child committed an offense of the degree alleged or of any lesser degree.
(I-) (k) Specifying Offense Committed. If in a delinquency petition more than one offense is alleged the court shall state in its order which offense or offenses it finds the child committed.
(») (1) Lesser Included Offenses. If in a delinquency petition the offense alleged necessarily includes lesser offenses the court may find the child committed such a lesser offense.
(n) £m) Motion for judgment of dismissal. In all proceedings, if at the close of the evidence for the petitioner, the court is of the opinion that the evidence is insufficient to warrant an adjudication, it may, and on the motion of any party, shall enter an order dismissing the petition for insufficiency of the evidence.
Rule 8.200. Disposition Hearing.
(a) Information Available to Court. At the disposition hearing the court, determines -what action must bo taken to-correct the child, if he has been adjudicated delinquent or-ungovernable, or to protect him, if he has been adjudicated dependent and enters its-order directing-that action. — At this hearing the court after establishing compliance with the dispositional considerations. determinations, and discussions required bv law, may receive any relevant and material evidence helpful in determining the proper disposition to be made. It shall include written reports required by law, and may include, but shall not be limited to, any psychiatric or psychological evaluations of the child or his parentis) or custodian that may be obtained and that are relevant and material. Such evidence may be received by the court and may be relied upon to the extent of its probative value, even though not competent in an adjudicatory hearing.
(b) Disclosure to Child or Parent. The child, his attorney, and his parent(s) or custodian shall be entitled to disclosure of all information in the pre-disposition report except those portions-elassified- as confidential by 4he-submitting person or agency. — Any portion of-the pro-disposition report whieh is classified as confidential by the submitting person-or-agency may be received by the-court in camera or, the court may, in-its discretion, disclose said confidential portion where the court determines such disclosure is not detrimental to the best interest of the child
Rule 8.210. Post-Disposition Hearing
(a) Revocation of Probation Community Control Programs. A child who has been placed on probation under the supervision of an authorized agent of the Department of Health and Rehabilitative Services in a community control program may be brought before the court by the agent supervising his probation on a petition alleging the violation of the probation program. All interested persons including the probationer child, shall have an opportunity to be heard. After such hearing, the court shall enter an order revoking, modifying, terminating, or continuing the probation community control program. Following-a Upon the revocation of probation the program, the court shall, when the child has been placed on probation in a community control program and adjudication has been withheld, adjudicate the child delinquent. In all cases after a revocation of probation the program, the court shall enter a new disposition order.
(b) Change of Placement. A child who has been placed in his own home, in the home of a relative, or in some other place, under the supervision of an agency of the Department of Health and Rehabilitative Services, may be brought before the court by the agency supervising the placement or by any interested person on a motion alleging a need for a change in the placement. *1097 The court shall hear all parties present, in person, by counsel, or both. After such hearing the court shall enter an order changing the placement, modifying the conditions of it, or continuing it as previously ordered. Nothing in this section shall be construed so as to limit the right of an agency granted custody to determine where and with whom the child shall live.
(cl Foster Care Review in Dependency Cases. Children continuously in foster care shall have their status reviewed as provided bv law. All proceedings for judicial review shall be initiated bv the filing of a supplemental petition for judicial review bv the Department of Health and Rehabilitative Services.
(11 The petition shall allege facts showing the court to have jurisdiction of the cause as a dependency case. It shall contain allegations as to the identity and residence of the parent and custodian if known, the dates of the original dependency adjudication and any subsequent judicial review proceedings, and a request for one of the following forms of relief:
(il That the child be continued in foster care;
(iil That the child be placed in the custody of a parent, guardian, relative. or former custodian:
(iiil That proceedings be instituted to terminate parental rights and legally free the child for adoption.
(21 Report and Recommendations. The Department shall prepare a report as required bv law including recommendations for continued foster care, return of the child to a parent, guardian, relative, or former custodian, or for the initiation of proceedings to terminate the parental rights. A copy of the report shall be attached to the petition.
(31 Service. A copy of the petition-report. and recommendations and a notice of review hearing shall be served upon all persons who are required bv law to be served prior to the judicial review hearing.
(41 Waiver of Review Hearing. The court may dispense with the attendance of the child at the review hearing or may. with the consent of the parties, dispense with the review hearing as provided bv law.
(il If the court determines that the parties knowingly and intelligently have waived the right to the review hearing, the court shall enter its findings with respect to waiver in writing,
(iil If the court dispenses with the hearing, the court shall make a determination of the disposition of the case based upon the report of the department and any affidavit submitted to the court.
Rule 8.220. General Provisions For Hearings
Unless otherwise provided, the following provisions apply to all hearings:
(a) Presence of the Child. In all hearings on-delinquency or ungovernability cases-the child shall be present, unless otherwise spec - ified by these rules. The child shall be present unless the court finds that the child is so young that to have him appear would be of no value, or that the child's mental or physical condition is such that a court appearance is not in its best interest.
(b) Absence of the Child. If he the child is present at the beginning of a hearing and shall thereafter during the progress of the hearing voluntarily absent himself from the presence of the court without leave of the court, or is removed from the presence of the court because of disruptive conduct during the hearing, the hearing shall not thereby be postponed or delayed, but shall proceed in all respects as if the child were present in court at all times.
(b) In any hearing tho child and parents) or-eustodian of the child may bo examined separately and apart from each other, but in no other-instance shall a party be excluded-from-a hearing -unless so ordered by tho court for disruptive behavior-;
(c) Testimony. The child, in delinquency and ungovernability cases, and the parent(s) or custodian in dependency cases shall, if they so elect be sworn and testify in their *1098 own behalf. They may be cross-examined as other witnesses.
(d) Invoking the Rule. Prior to the examination of any witness the court may, and on the request of any party shall, exclude all other witnesses. The court may cause witnesses to be kept separate and to be prevented from communicating with each other until all are examined.
(e) Continuances. The court may grant a continuance before or during a hearing for good cause shown bv any party,
(f) After-a hearing at-whieh-a judge enters an order waiving jurisdiction and certifying a child for trial as an adult, adjudi-eating a ohild-delinquent, dependent, or ungovernable, or a disposition order, he-shall forthwith inform the-child, his parents or custodians-concerning the right of appeal therefrom,-including the time-allowed by law-for taking an appeal.
(g) Record of Testimony. A record of the testimony in all hearings shall be made by an official court reporter, a court approved stenographer, or by a mechanical recording device. The record shall be preserved until the time for taking an appeal has expired. Testimony shall be transcribed only upon order of the court.
(fe) (g) Notice. Where these rules do not require a specific notice, all parties will be given reasonable notice of any hearing.
(i)This rule is applicable not only to the hearings covered by this section, but to all hearings pr-evided for in those rules.
VII. POST DISPOSITION RELIEF
Rule 8.230. Motion toWacato Judgment for Rehearing
(a)Basis. After the court has entered an order of adjudication or an order withholding adjudication any party may move te vacate the-judgment for rehearing upon one or more of the following grounds:
(1) That the court erred in the decision of any matter of law arising during the adjudicatory hearing.
(2) That a party did not receive a fair and impartial hearing.
(3) That any party required to be present at the adjudicatory hearing was not present.
(4) That there exists new and material evidence which, if introduced at the hearing, would probably have changed the court’s decision and could not with reasonable diligence been discovered before and produced at the hearing.
(5) That the court is without jurisdiction of the proceeding.
(6) That the judgment is contrary to the law and evidence.
(b) Time and Method.
(1) A motion to vacate-judgment for rehearing may be made at-any time and ruled upon immediately, after the-entry of the order of adjudication the court announces its judgment but not longer than ten-(10) days thereafter must be made within ten (10) days of the entry of the order. The motion may be made and ruled upon immediately after the court announces its judgment.
(2) If the motion is made in writing, it shall be served as provided in these rules for service of other pleadings but-shall not toll the time for the — taking of an appeal.
(3) A motion for rehearing shall not toll the time for the taking of an appeal.
(c) Court Action.
(1) If the motion to vacate judgment for rehearing is granted the court may vacate or modify the judgment order or any part thereof and allow additional proceedings as it deems just. It may enter a new judgment, and may order or continue the child in detention pending further proceedings.
(2) The court on its own initiative may order a judgment vacated or modified vacate or modify any order within the time limitation provided in (b) above.
(d) Exception. — T-his-rule shall not apply to proceedings-for permanent commitment for subsequent adoption.
Rule 8.240. Relief from Judgments or Orders
(a) Clerical mistakes. Clerical mistakes in judgments, orders, or other parts of the *1099 record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on motion of any party, after such notice, if any, as the court orders. During the pend-ency of an appeal such mistakes may be so corrected before the record on appeal is docketed in the appellate court and thereafter while the appeal is pending may be so corrected with leave of the appellate court.
(b) Extraordinary relief. On motion and upon such terms as are just, the court may relieve a party or his legal representative from an order, judgment, or proceeding for the following reasons:
(1) Mistake, inadvertence, surprise, or excusable neglect;
(2) Newly discovered evidence which by due diligence could not have been discovered in time to move a vacation of judgment for rehearing.
(3) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of any other party;
(4) That the order or judgment is void.
The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was taken. Section (b) does not apply to proceedings involving the permanent commitment of children for subsequent adoption.
Rule 8.250. Supersedeas on Appeal
(a) Permanent Commitment. The taking of an appeal shall operate as a supersedeas in cases involving a petition for permanent commitment to a licensed child placing agency or any agency of the Department of Health and Rehabilitative Services for subsequent adoption, but the child shall continue in the custody of the agency under the order until the appeal is decided.
(b) Other Cases. In all other cases the taking of an appeal shall not operate as a supersedeas, but the court in considering the welfare and best interest of the child may grant a supersedeas in its discretion on such conditions, with or without bond, as it may fix.
(c) Preeminence of Rule. This rule shall be to the exclusion of any other court rule providing for supersedeas on appeal.
VIII. SPECIAL PROCEEDINGS
Rule 8.260. Permanent Commitment
(a) Form of Petition. A prayer request for the permanent commitment of a child to an appropriate agency of the Department of Health and Rehabilitative Services or a licensed child placing agency for subsequent adoption may be made in the petition by which formal proceedings are commenced or in a pleading subsequent thereto, but in either event the pleading shall be entitled a Petition for Permanent Commitment and contain allegations of facts necessary to support such a commitment and a prayer request therefor. This pleading shall be verified.
(b) Notice. If a surrender or waiver of notice has been executed as provided by law the original or copy thereof shall be attached to the pleading.
(c) Summons. Upon the filing of a pleading praying for requesting permanent commitment the clerk shall issue a notice to show cause why the prayer should not bo granted of the petition for permanent commitment directing the parties to appear at a certain date and time which shall be served as provided by law. The notice shall contain the following language:
You must either appear at the hearing on the date and at the time specified or file a written response prior to that time. Your failure to appear or respond may be treated as consent to the permanent commitment and you may permanently lose all legal rights as a parent to the child or children named in the Petition for Permanent Commitment attached to this summons.
(dl Birth Certificate. The Petition for Permanent Commitment shall have attached a certified copy of the birth certificate of each child named in the petition unless the petitioner after diligent search and inquiry is unable to produce same, in which case the petition shall state the date *1100 and place of birth of each child, unless these matters cannot be ascertained after diligent search and inquiry or for other good cause.
(e) Defaults. If the person served with the Petition for Permanent Commitment fails to respond within the time prescribed a default mav be entered bv the court. A default may be set aside bv the court on the ground of excusable neglect or other good cause shown at any time prior to the expiration of time for filing an appeal. A final judgment based on the default shall not be entered bv the court until proof of non-mili-tarv service has been filed.
(f) Final Judgments. The final judgment permanently committing the child to an appropriate agency of the Department of Health and Rehabilitative Services or to a licensed child placing agency willing to receive the child for subsequent adoption shall be reduced to writing as soon after the hearing as is consistent with orderly procedure and good practice. The court shall incorporate in the judgment a brief statement of the facts which it finds to be true including the appearance or nonappearance of any party and shall thereafter permanently commit the child to an appropriate agency of the Department of Health and Rehabilitative Services or a licensed child placing agency willing to receive the child for subsequent adoption.
IX. CONTEMPT
Rule 8.270. Direct Contempt
A contempt may be punished summarily if the court saw or heard the conduct constituting the contempt committed in the actual presence of the court. The judgment of guilt of contempt shall include a recital of those facts upon which the adjudication of guilt is based. Prior to the adjudication of guilt the judge shall inform the person accused of the accusation against him and inquire as to whether he has any cause to show why he should not be adjudged guilty of contempt by the court and sentenced therefor. The accused shall be given the opportunity to present evidence of excusing or mitigating circumstances. The judgment shall be signed by the judge and entered of record. Sentence shall be pronounced in open court.
Rule 8.280. Indirect Contempt
(a) An indirect contempt shall be prosecuted in the following manner:
(4) {a} Order to Show Cause. The judge on his own motion or upon affidavit of any person having knowledge of the facts, may issue and sign an order directed to the one accused of contempt, stating the essential facts constituting the contempt charged and requiring him to appear before the court to show cause why he should not be held in contempt of court. The order shall specify the time and place of the hearing, with a reasonable time allowed for the preparation of a defense after service of the order on the one accused. It shall be served in the same manner as a summons. Nothing herein shall be construed to prevent the one accused of contempt from waiving the service of process.
(2) (b) Motions; Answer. The accused, personally or by counsel, may move to dismiss the order to show cause, move for a statement of particulars, or answer such order by way of explanation or defense. All motions and the answers shall be in writing unless specified otherwise by the judge. The accused’s omission to file motion or answer shall not be deemed an admission of guilt of the contempt charged.
(3) (c) Order of Arrest; Bail. The judge may issue an order of arrest of the one accused of contempt if the judge has reason to believe he will not appear in response to the order to show cause. The accused shall be admitted to bail in the manner provided by law in criminal cases.
(4) {d} Arraignment; Hearing. The accused may be arraigned at the hearing, or prior thereto upon his request. A hearing to determine the guilt or innocence of the accused shall follow a plea of not guilty. The judge may conduct a hearing without assistance of counsel or may be assisted by the state attorney or by an attorney appointed for that pur *1101 pose. The accused is entitled to be represented by counsel, have compulsory process for the attendance of witnesses, and may testify in his own defense. All issues of law and fact shall be determined by the judge.
(5) (e) Disqualification of the Judge. If the contempt charged involves disrespect to or criticism of a judge, he shall be disqualified by the Chief Judge of the circuit.
(6) if) Verdict; Judgment. At the conclusion of the hearing the judge shall sign and enter of record a judgment of guilty or not guilty. There should be included in a judgment of guilty a recital of the facts constituting the contempt of which the defendant has been found and adjudicated guilty.
(?) (g) The Sentence. Prior to the pronouncement of sentence the judge shall inform the defendant of the accusation and judgment against him and inquire as to whether he has any cause to show why sentence should not be pronounced. The accused shall be afforded the opportunity to present evidence of mitigating circumstances. The sentence shall be pronounced in open court and in the presence of the one found guilty of contempt.
X. GENERAL PROVISIONS
Rule 8.290. Providing Counsel to Children Parties
(a)Duty of the Intake Officer. In addition to the duties otherwise provided by law, the intake counselor at his initial interview shall have the following duties in cases of delinquency and cases in-which a second or subsequent-adjudication for ungoverna-bility-is sought.
(1)He shall immediately advise the child of the following rights:
(i) That he has a right to counsel;
(ii) That if the child is unable to pay a lawyer and if his parents or guardians have not provided a lawyer, one can be provided immediately at no charge.
(iii) That he is not required to say anything and that anything he says may be used against him.
(iv) If his parent, custodian or counsel is not present, that he has a right to communicate with them and that, if necessary, reasonable means will be provided for him to do so.
(2) Unless the child waives counsel as hereinafter provided, and he if the child advises the intake officer he cannot afford a lawyer and the that his parents or guardians refuse to cannot or will not provide a lawyer, the intake officer shall immediately and effectively place the child in communication with the office of the public defender of the circuit in which the child was taken into custody.
(3) If the child indicates that he has an attorney or is able to retain a lawyer or if the parents or guardians indicate that they will provide the lawyer, the intake officer shall immediately and effectively place said child in communication with that attorney or with the lawyer referral service of the local bar association.
(b) Duty of the Public Defender. The public defender of each judicial circuit, may upon being contacted by or on behalf of a child who is or represents himself to be indigent as defined by law, may forthwith interview said child and
(1) If the child is in custody and reasonably appears to be indigent, the public defender shall tender to him such advice as is indicated by the facts of the case and otherwise represent such child pending a formal judicial determination of indigency.
(2) If the child is not in custody, the public defender shall elicit only such information from the child as may be reasonably relevant to the question of indi-gency and of the parents’ intent to provide a lawyer and shall immediately seek a formal judicial determination of indi-gency. If the court finds the child indigent, it shall immediately appoint counsel to represent said child.
(c) Duty of the Court.
*1102 (1) In delinquency and ungovernability cases, a child entitled- to the appointment of counsel as provided by law-shall-anless the right to counsel is-waived as hereinafter provided, have counsel appointed for him on his first appearance before the court without representation the court shall advise the child of his right to counsel. If the child is insolvent the court shall appoint counsel unless waived as provided herein.
(2) In dependency cases, where permanent loss of parental rights or criminal child abuse charges might result, the court shall advise insolvent parents and custodians who are so entitled of the right to appointed counsel and shall appoint counsel to insolvent persons who are so entitled as provided bv law, unless the right to counsel is knowingly and intelligently waived. The court shall enter its findings in writing with respect to the appointment or waiver of counsel for insolvent parties.
(d) Waiver of Counsel.
(1) The failure of a child to request appointment of counsel or his announced intention to plead guilty shall not, in itself, constitute a waiver of counsel at any stage of the proceedings.
(2) A child shall not be deemed to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry into the child’s comprehension of that offer and his capacity to make that choice intelligently and understanding^ has been made.
(3) No waiver shall be accepted where it appears that the child party is unable to make an intelligent and understanding choice because of his mental condition, age, education, experience, the nature or complexity of the case, or other factors.
(4) A waiver of counsel made in court shall be of record; a waiver made out of court shall be in writing with not less than two attesting witnesses. Said witnesses shall attest the voluntary execution thereof.
(5)If a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the child party appears without counsel.
Rule 8.300. Guardian Ad Litem
In-any case in-which The court deems it necessary, it may appoint a guardian ad litem, who may be directed to appear without service of process on him and who shall not be required to post bond. He shall file an acceptance of the office.
Rule 8.310. Televising, Photographing, Radio Broadcasting of Hearing [Reserved]
The taking of television pictures or-other photographs in or of the courtroom-during the-progress of judicial procedures or-radie broadcasting of judicial procedures from the courtroom shall not be permitted by the cour-t-except as otherwise specifically-authorized and-approved- by the Florida Supreme Court.
Rule 8.320. Disqualification of Judge
(a) Movant. Any party may move to disqualify the judge assigned to hear the cause for any ground provided by law.
(b) Form of Motion. Every motion to disqualify shall be in writing and be accompanied by two or more affidavits setting forth facts relied upon to show the grounds of disqualification, and a certificate of counsel of record that the motion is made in good faith.
(c) Time. A motion to disqualify a judge shall be filed no less than ten (10) days before the time the case is set for hearing unless good cause is shown for failure to file within such time.
(d) Challenged Judge: Responsibility. The judge presiding shall examine the motion and supporting affidavits to disqualify him for prejudice to determine their legal sufficiency only, but shall not pass on the truth of the facts alleged nor adjudicate the question of disqualification. If the motion and affidavits are legally sufficient, the presiding judge shall enter an order disqual *1103 ifying himself and proceed no further therein. Another judge shall be designated in a manner prescribed by applicable laws or rules for the substitution of judges for the trial of causes where the judge presiding is disqualified.
(e) Substituted Judge: Responsibility. When a party shall have suggested the disqualification of a trial judge and an order shall have been made admitting the disqualification of such judge, and another judge shall have been assigned to act in lieu of the judge so held to be disqualified the judge so assigned shall not be disqualified on account of alleged prejudice against the party making the motion in the first instance, or in favor of the adverse party, unless such judge shall admit and hold that it is then a fact that he, the said judge, does not stand fair and impartial between the parties and if such judge shall hold, rule and adjudge that he does stand fair and impartial as between the parties and their respective interest, he shall cause such ruling to be entered on the minutes of the court, and shall proceed to preside as judge in the pending cause. The ruling of such judge may be reviewed by the appellate court, as are other rulings of the trial court.
Rule 8.330. Computation and Enlargement of Time
(a) Computation. In computing any period of time prescribed or allowed by these rules, except Rules 8.040 and 8.050, by order of court, or by any applicable statute, the day of the act or event from which the designated period of time begins to run is not to be included. The last day of the period so computed shall be counted, unless it is Saturday, Sunday, or a legal holiday, in which event the period shall run until the end of a the next day which is neither a Saturday, Sunday, nor a legal holiday. When the period of time prescribed or allowed shall be less than seven (7) days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.
(b) Enlargement of Time. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for good cause shown may, at any time, in its discretion (1) with or without notice, order the period enlarged if request therefore is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made and notice after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not, except as provided by law or elsewhere in these rules, extend the time for making a motion for a new trial, a motion for rehearing, judgment of acquittal, vacation of judgment, or for taking an appeal. This rule shall not be construed to apply to detention hearings.
Rule 8.340. Parties
(a) For the purpose of these rules the terms “party” and “parties” shall include the petitioner, the child, and every person upon whom service of summons is required by law. The court may add additional parties.
FORMS
FOR USE WITH THE RULES OF JUVENILE PROCEDURE
The following forms are sufficient for the matters that are covered by them. So long as the substance is expressed without prolixity, the forms may be varied to meet the facts of a particular case. Captions, except for the designation of the paper, are omitted from most forms. A general form of caption is the first form.

*1104

*1105

*1106

*1107

*1108

*1109

*1110

*1111

*1112

*1113

*1114

*1115

*1116

*1117

*1118

*1119